FOURNET, Justice.
 

 The City of New Orleans, having instituted this suit in its own behalf and as the trustee of the Edward Wisner Donation Advisory Committee against the Westwego Canal & Terminal Co., Inc., under Act No. 38 of 1908, to establish its title to certain lands in Jefferson Parish, neither party being in actual possession thereof, i's appealing from the judgment of the lower court maintaining a plea of estoppel and exceptions of no cause and no right of action and dismissing its suit.
 

 The plea of estoppel is based on the fact that the plaintiff had previously filed a similar case in the same court against the same party to recover the same property, which suit, after issue was joined, was dismissed for lack of prosecution for more
 
 *453
 
 than five years under Article 3519 of the Revised Civil Code.
 

 It appears that the record in the previous suit was introduced in evidence, over plaintiff’s objection, on the trial of the exceptions. This record shows that the former suit was an action for slander of title and to enjoin the defendant from trespassing on the lands in controversy. It was not, as is the case here, a suit to try title.
 

 In any event, suits dismissed for want of prosecution under the provisions of Article 3519 of the Revised Civil Code do not decide any issues in controversy and cannot, therefore, form the basis of a plea of res adjudicata. Charbonnet v. State Realty Co., Ltd., 155 La. 1044, 99 So. 865; Franek v. Turner, 164 La. 532, 114 So. 148; and Losch v. Greco, 173 La. 223, 136 So. 572, 573. As was stated in the Losch case, “In other words, the abandonment which results as a legal consequence of a plaintiff’s failure to take any action in his suit during a period of five years merely bars his right to continue with the prosecution of that suit.
 
 It does not prevent his bringing another suit for the same cause of action;
 
 but, if he brings another suit for the same cause of action, the question whether his right of action is barred by prescription must be determined as if no suit had been theretofore brought.” (Italics ours.)
 

 The trial judge erred, therefore, in • maintaining the defendant’s plea of estoppel or abandonment.
 

 The exceptions of no cause and no right of action are equally without merit. While the ground on which these exceptions are based is not stated in the plea itself, from the argument made here and the brief filed in support thereof, it would appear that they are based on the allegations contained in Paragraph No. 4 of plaintiff’s petition to the effect that the defendant is claiming title to the property in controversy by 'a purchase at a judicial sale and by a judgment rendered in a monition proceedings, due recordation thereof having been made in Jefferson Parish. In connection therewith the defendant has filed in evidence the monition proceedings.
 

 The plaintiff’s petition clearly discloses that this is a suit to try title to property under the provisions of Act No. 38 of 1908 and under the provisions of this act, in order to state a cause of action, it must be alleged that the plaintiff and defendant, neither of whom is in possession of the land, both claim the land by record title. The very object of the suit is to determine which of these titles is superior. Obviously, therefore, the allegations in the fourth paragraph of plaintiff’s petition are not intended as an admission of defendant’s ownership.
 

 Counsel for the defendant, however, also points out in brief that in the judgment rendered in the monition proceedings, which judgment he claims is res adjudicata and not open to collateral attack, it is recited, among other things, that the defendant acquired the land in question at a judicial partition sale, and that the property so sold,
 
 “whether accurately described or not, is correctly described as follows v",
 
 the de
 
 *455
 
 scription including the property now-claimed by the plaintiff.
 

 As was pointed out in the case of Kent v. Brown & Learned, 38 La.Ann. 802, 808, “* * * the avowed object of the legislation which created the remedy of monition was to cure at once, and without the lapse of time required by the term of prescription provided for in Article 3543 of the Civil Code, the same informalities or defects which have always disappeared under that plea of prescription.” Continuing, the author of the opinion declared: “Its real mission and legal effect are thus described in the case of City Bank v. Walden, 1 [La.]Ann. 46: ‘The monition act of 1834, under which the present proceedings are instituted, was passed for the protection of bona fide purchasers at judicial sales from litigation concerning matters of form, a non-observance of which by public officers frequently exposed purchasers to. unreasonable and vexatious suits. The difficulty of administering and preserving proofs of the observance of formalities rendered cases of this kind, in the hands of the unscrupulous, the instruments of great annoyance and expense to those who had purchased and paid for property exposed for sale under the authority of our courts. This law relates to informalities in the decrees under which judicial sales are made, and to irregular and defective proceedings connected with the sales.’ Dodeman v. Barrow, 10 [La.]Ann. 193; Willis
 
 v.
 
 Nicholson, 24 [La.] Ann. 545.”
 

 It necessarily follows, therefore, that the monition proceeding had no other effect than to cure any illegality or in-formalities in the judicial partition proceedings under which the defendant became vested with its title and we know of no law that authorizes the courts, under the guise of correcting descriptions to such property, to add to or tack on the property acquired in such judicial proceedings property that belongs to other persons. For us to so hold might be to permit the use of the courts as a means or device for perpetrating frauds on unsuspecting persons who have no interest in the correction of illegalities and informalities in judicial sales. This was never the intention of our lawmakers and this court will not serve as an instrument to that end.
 

 For the reasons assigned, the judgment of the lower court maintaining defendant’s plea of estoppel and exceptions of no cause and no right of action is reversed and set aside; the exceptions are overruled; and the case is remanded to the lower court for further proceedings consistent with the views herein expressed. Costs of this appeal are to be borne by the defendant; all other costs are
 
 to
 
 await
 
 the
 
 final outcome of this litigation.
 

 PONDER, J., takes no part.