REID, Judge.
Plaintiff, Jules Andrieu, brought this suit as an action of boundary, alleging that he is the owner of the following described property, to-wit:
“All that certain lot or parcel of ground lying and being situated in the Village of Lacombe, Parish of St. Tammany, State of Louisiana, and being more fully described as follows to-wit:
From the northeast corner of Square No. 87 in the subdivision known as Oak-lawn in the Village of Lacombe, run 65 degrees, 30 minutes W, 91 feet to a line; thence N 41 degrees 30 minutes E, as per title (52 degrees, 24 minutes E actual) 11 feet to the NE comer of the property herein described and the point of beginning; thence S 52 degrees, 24 minutes W. 380 feet, to a corner on the right-of-way line of the N. O. & Great Northern RR; thence N 65 degrees 30 minutes W along said right-of-way line 200.2 feet to a corner of the line between, the properties of the late Frank Cousins and the late Seymour Cousins; thence, following said division line N 51 degrees E 376 feet to a corner on the old Mandeville-Lacombe Road now known as Main Street, in Lacombe; thence S 65 degrees, 30 minutes E 210.5 feet to a point of beginning; and containing one (1) and 60.100 acres more or less, and being a portion of Lot No. 8 of the P.N. Judice Subdivision of Sections 40 and 48, T8S, R13E, Greensburg District, Louisiana. All as per survey made by Joseph Pugh, Civil Engineer and Surveyor, plat of which is hereto attached and made a part hereof, dated June 15, 1936.
Being the same property acquired by petitioner from Elshmar Cousins, Edwin Cousins, Ethyl Cousins, Alma Cousins, Seymour Cousins and Paul Arnold Cousins by act before Harvey E. Ellis late Notary Public, on June 27, 1936 registered in COB 133, Folio 195 of the Conveyance Records of St. Tammany Parish, Louisiana.”
Defendant William H. Davis Sr. is alleged to be the owner of certain property *183 contiguous to plaintiff’s property designated as Square 87 on the Pugh survey of Lacombe, Louisiana.
Plaintiff alleged in his petition that William H. Davis Sr. has by physical force and without legal justification moved over and onto plaintiff’s property the fence which marked the property line between the plaintiff property and that portion designated as Square 87 (now owned by defendant) from the time of plaintiff’s acquisition and subsequent thereto for a period in excess of ten years.
Plaintiff sets forth his chain of title and alleges that he has attempted to settle this matter amicably with the defendant without avail. Each party is asserting claim to 30 feet which lies between property admittedly owned by plaintiff and property admittedly owned by the defendant. Plaintiff then asked for a surveyor to be appointed to make a survey of' the lands in controversy, ascertain their limits, arid file a procés verbal in accordance with the law and that there be judgment fixing the boundary between plaintiff’s property and defendant’s property and ordering the defendant to remove to said boundary line.
The Court appointed Robert A. Berlin as surveyor to survey the property and file his report in writing to the Court according to law.
Defendant further answered setting forth that he is the owner of all or part of Square 87 of Subdivision of Lacombe Park, Parish of St. Tammany, State of Louisiana and especially that he is the owner of the following described property to-wit:
“All that certain piece or portion of ground situated in the Parish of St. Tammany, State of Louisiana, and described as a piece or portion of ground beginning at a point sixty five degrees, twenty six minutes west ninety one feet back from the northeast corner of Square Eighty Seven (87) of Oaklawn (otherwise designated as the Subdivision of Lacombe Park); thence south fifty one degrees ten minutes west, three hundred and sixty three feet six inches (363’6"); thence north sixty five degrees twenty six minutes west twenty nine (29) feet; thence north fifty one degrees three hundred and sixty three feet six inches (363'6"); thence south sixty five degrees twenty six minutes east thirty feet to the place of beginning, containing one fourth of an acre, more or less.”
Defendant further sets out that the de-raignment of the title to the said property, and further pleads res judicata and in support thereof invokes Suit No. 11,966 on the docket of the 22nd Judicial District Court, entitled “Jules F. Andrieu vs. William H. Davis” and the minute entry of that Court dated July 20, 1953 recorded in Minute Book 22 at page 120, dismissing said suit on joint motion of counsel for both parties with prejudice.
Defendant deraigned his title back to a common ancestor which is a deed from W. H. Toomer to John Crow dated October 31, 1879 recorded COB I, folio 401, of the records of St. Tammany Parish, and Del-phine Cousin to W. H. Toomer dated July 16, 1877 recorded COB I, folio 70 of said records.
■ Defendant further alleged that his title is more ancient and pleads the prescription of ten and thirty years against plaintiff’s recovery.
The case was duly tried and the Lower Court with written reasons rendered judgment in favor of the plaintiff and against the defendant, decreeing that defendant’s property lies outside of and adjacent to the Toomer tract which property is more fully described hereinabove, which is the description in plaintiff’s deed. He further decreed that defendant’s property lies outside of and adjacent to the Toomer tract, and further decreed that the boundary line between the two properties should be fixed and established coincident with and identical to the south line of the Toomer tract. .The Trial *184 Court further ordered the defendant William H. Davis Sr. to remove the fence between the properties belonging to plaintiff and defendant to the boundary line which is fixed and established by the judgment.
Defendant filed a motion for a new trial which was denied by the Lower Court and defendant then brought this appeal to this Court.
Defendant appellant in his brief sets forth the following specification of errors to-wit:
“(1) In basing a decision in favor of Andrieu on an unauthenticated 1908 plat ;
(2) In holding, without evidence, that the northeast corner of Square 87 of La-combe Park had somehow been “shifted” so that at one time it was 30 feet over into 8th Street;
(3) In holding, in particular (which he must have done) that there was any “shift” of this northeast corner between 1923 and 1936;
(4) In failing to consider that the previous suit between the parties fully adjudicated the question of title;
(5) In failing to give consideration to the more ancient Davis title, from a common proprietor.”
The first question to be determined is the plea of res judicata filed herein by the defendant. The previous suit No. 11,966 entitled “Jules F. Andrieu vs. William H. Davis” is in the record and discloses that the plaintiff Andrieu filed a petitory action against the defendant claiming to be the owner of the same property which he sets forth in his petition in this suit. It shows that the 30 foot strip is the property in dispute and asked to be recognized as the owner thereof.
Defendant filed an answer setting forth his title, claiming in addition the prescription of thirty years continuous possession under fence and an exception of no right of action.
This suit was filed February 16, 1953. The answer was filed April 20, 1953. On June 15, 1962 the defendant filed a motion to dismiss this suit on the grounds that it had been abandoned in that plaintiff had failed to take any steps in the prosecution of same since July 9, 1953 and asked that the suit be dismissed with prejudice at plaintiff’s cost as of July 10, 1958. On the same day the Lower Court signed an Order dismissing the suit, with prejudice and decreeing the same to have been abandoned.
It is true that this judgment of dismissal states same is dismissed with prejudice. However, we believe that this is meaningless because our Courts have repeatedly held that a dismissal of a suit because of five years elapsed without effort to prosecute is not available as estoppel or res judicata.
The case of Franek v. Turner, 164 La. 532, 114 So. 148 holds as follows:
“The defendant’s plea of res judicata is not well founded, because the dismissal of a suit on the ground that five years have elapsed without any steps being taken in the prosecution of it, according to article 3519 of the Civil Code, as amended by the Act 107 of 1898, p. 155, does not decide any controversy, and is therefore not available as an estoppel or as the basis for a plea of res judicata. Charbonnet v. State Realty Co., 155 La. 1044, 99 So. 865.”
In addition our Supreme Court held as follows sustaining this principle of law, to-wit:
“Where former action for slander of title and to enjoin defendant from trespassing on land was dismissed under statute for lack of prosecution for more than five years, a subsequent suit by same plaintiff against same defendant to try title to same land was not subject to plea of estoppel or abandonment, since suits dismissed for want of prosecution under the statute cannot form basis of plea of adjudicata. [LSA-R.S. 13:5062, *185 and note LSA-C.C. Article 3519.]” City of New Orleans v. Westwego Canal and Terminal Company, 206 La. 450, 19 So.2d 201. See also Charbonnet v. State Realty Co., 155 La. 1044, 99 So. 865.
While the substance of both of these suits is to determine the title to the land in dispute we hold that the judgment of dismissal of the first suit, because of the lack of prosecution, for five years does not decide the issues involved in the case, and under the statute cannot form a basis for the plea of res judicata.
All the other errors specified by the appellant deal with the merits of the case and we will take them up together.
The location of the northeast corner of Square 87 in the Subdivision known as Oaklawn in the Village of Lacombe seems to be the starting point of both descriptions. Plaintiff’s property begins at the northeast corner of Square 87 of said Subdivision and runs north 65 degrees and 30 minutes west 91 feet to a line; thence north 41 degrees and 30 minutes east as per title (52 degrees and 24 minutes east actual) 11 feet to the northeast corner of the property herein described and the point of beginning. From this point of beginning the plaintiff’s property goes south to the right of way of the New Orleans and Great Northern Railroad, thence west along same 200.2 feet and thence north 51 degrees and east 376 feet to the corner of the old Mandeville-Lacombe Road, now known as the Main Street in Lacombe; and thence 565 degrees, 30 minutes east 210.5 feet to the point of beginning, containing 1.60 acres, more or less. This property is further described as being a portion of Lot No. 8 of the P.M. Judice Subdivision of Sections 40 and 48 T 8 S R 13 K, Greensburg Land District.
Defendant’s property begins “At a point 65 degrees and 26 minutes west 91 feet back from the northeast corner of Square 87 of Oaklawn (otherwise designated as Subdivision of Lacombe Park) thence it runs south 51 degrees and 10 minutes west 360 feet, 6 inches; thence north 65 degrees and 26 minutes west 29 feet; thence north 51 degrees and 363 feet 6 inches; thence south 65 degrees 26 minutes east 30 feet to point of beginning, containing of an acre.”
It can very readily be seen that there is an overlap or conflict in the descriptions of the two properties of some 30 feet and the location of the line between these two properties is the major question to be decided in this lav/suit.
Plaintiff’s property, including the land in dispute, lies between two properties owned by the defendant. One to the south or southeast on the side nearer to 8th Street and the other on the northwest, on the side near 10th Street. All three of these properties originally formed a part of Lot 8, a tract of land acquired by Delphine Morgan wife of Octave Cousin according to a plan of subdivision made by P.M. Judice dated January 1, 1967 by act of partition passed by John Jay Mortee, Recorder, in May, 1867.
Seymour Cousin is the common author in title to both the plaintiff’s and defendant’s property including the land in dispute. Seymour Cousin sold to Elvin J. Villarrubia by deed dated October 26, 1923 recorded in COB 85, folio 216 the following described property, to-wit:
“One certain portion of ground, beginning at a point 65 degrees 26 minutes W 90 feet back from the northeast corner of Square 87, per Map of the Town of Oaklawn by Joseph Pugh, C.E., filed in the Clerk’s Office in St. Tammany Parish; thence S 51 degrees 10 minutes W, 363.6 feet; thence N 65 degrees, 26 minutes W 29 feet; thence N 51 degrees, 363.6 feet; thence S 65 degrees, 26 minutes E 30 feet to the point of beginning, containing acres, more or less. Also lot 2 and fraction of lot 3 in Square 87.”
Subsequently Villarrubia sold to and repurchased the property on March 30, 1928 from St. Tammany Homestead Association. *186 In this particular description the 30 foot lot (14 acre) first above described was omitted and the description only contained the lots 1, 2, and fractional lot 3. of Square 87.
These transactions with the Homestead were dated March 30, 1928. On February 25, 1931 Villarrubia retroceded the property back to the Homestead in consideration of the cancellation of the indebtedness. The description in this deed only contained the three lots referred to in the original sale from Villarrubia to St. Tammany Homestead Association.
On March 9, 1931 the Homestead sold this property under the same description, namely, lots 1, 2, and fractional lot 3 of Square 87 to William H. Davis, the defendant.
Davis evidently found out that the 30 foot lot, the property in dispute, was omitted from this deed and he then secured quit claim deeds in June of 1953 from the widow and heirs of Villarrubia.
It is significant to note that the sale by the Cousin heirs to plaintiff was dated June 27, 1936 by deed recorded in COB 133, folio 195 of the records of St. Tammany Parish. The original deed from Cousin to Villarrubia hereinabove set out was dated October 26, 1923 and thus antedates the deed to the plaintiff by some nine years.
Plaintiff claims that Davis did not secure title to the property in dispute until he acquired the quit claim deed from the widow and heirs of Villarrubia in 1953. However, the title was not in Seymour Cousin’s name when he made the sale to the plaintiff in 1936. Therefore, when the defendant acquired the disputed property by deed from the Villarrubia heirs in 1953 he acquired from the then record owners of this 30 foot strip.
All deeds have to be taken into consideration when surveyors make their surveys. There are three surveys offered in the record. The main one being the survey made by the surveyor appointed by the Court, namely Robert A. Berlin. There seems to be no dispute about the fact that the west line of Square 87 is the east line of the Toomer tract of land. All surveyors have agreed on this line which begins 91 feet from the northeast corner of Square 87. Berlin’s survey shows an old fence along the southeast or east line of the Toomer tract part of the way, which is an old fence, the pine posts were very old. There is no fence along the north portion* of the Toomer line.
Plaintiff put on another surveyor Frank G. Stewart who qualified as a surveyor and he found practically the same lines as Berlin. Defendant placed on the Stand Mr. E. J. Champagne, a surveyor of St. Tammany Parish and he found practically the same line of the Toomer tract as the other two surveyors. The only difference in his testimony is that he stated that 30 feet in dispute was in the Toomer tract and belonged to the defendant, whereas the other two surveyors fixed the boundary line between the two properties as being the southeast line of the Toomer tract. However, both Berlin and Stewart show the 30 feet in dispute.
Since the title out of the common ancestor shows defendant has an older chain of title than that of the plaintiff and the plaintiff having failed to plead acquisitive prescription we, therefore, have come to the conclusion that the west or northwest line of the 30 feet is the proper boundary line between the two properties.
It is therefore, ordered, adjudged and decreed that the judgment of the Lower Court be reversed and judgment rendered in favor of the defendant against the plaintiff, fixing the boundary line as beginning at a point 65 degrees 26 minutes west 121 feet from the northeast corner of the Square 87 of the Town of Lacombe, sometimes designated as Oaklawn, and sometimes as Lacombe Park and run south 51 degrees and 10 minutes west 379 feet *187 to the railroad property, as per survey by E. J. Champagne, and that this he recognized as the correct boundary line between the property of the plaintiff and the property of the defendant herein.
It is further ordered, adjudged and decreed that the costs of the survey be borne equally between the plaintiff and defendant as provided by C.C. Art. 663, and all other costs herein be borne by plaintiff.
Reversed and rendered.