LOTTINGER, Judge.
The State of Louisiana, through the Department of Highways, instituted an expropriation proceeding to obtain full ownership of five certain parcels of land, together with the buildings and improvements thereon, owned by the defendant, Dennis Rottman. The petition for expropriation, along with the appropriate attachments, was filed on November 7, 1958, and the Order of Expropriation directing the Highway Department to deposit $21,800.00 into the registry of the Court was signed and also filed on November 7, 1958. And further, on November 7, 1958, was also filed the receipt signed by the Clerk of Court of Tangipahoa Parish for the $21,-800.00 which was deposited into the registry of the Court.
By a motion dated November 21, 1958, and filed on December 3, 1958, the defendant, Dennis Rottman, withdrew the $21,-800.00 from the registry of the Court. Not until April 25, 1961, was any further action taken in this proceeding. On that date, the defendant filed an “Answer”, which was in fact an answer and reconventional demand answering the original petition of the Highway Department and seeking judgment for $55,000.00 as the fair market value of the property taken. Then by a “Motion to Assign for Trial,” dated July 20, 1967, and filed into the record on July 21, 1967, the defendant had the case fixed for trial on November 27, 1967. The Highway Department subsequently on September 8, 1967, filed a “Motion to Dismiss and For Final Judgment,” grounded on the proposition that more than five years had passed since the defendant had filed his answer and reconventional demand on April 25, 1961, and therefore, under LSA-C.C.P. Art. 561, the defendant had abandoned his defense. The Trial Judge ordered that the answer and reconventional demand, which was styled “Answer”, be dismissed, and that the assignment of the case for trial be stricken from the record, and that a final judgment be rendered confirming the amount of $21,800.00 as just and adequate compensation. The final judgment was rendered and signed on September 8, 1967. From this judgment, the defendant has appealed.
The defendant alleges four specifications of error by the District Court, namely:
(1) It committed error in not having the Clerk set the matter for trial;
(2) It committed error when it construed C.C.P. Art. 561, as authority to render final judgment;
(3) It committed error when it rendered judgment for petitioner, which was not in accordance with petitioner’s original prayer; and
*79 (4) It committed error in applying C.C.P. Art. 561, to expropriation proceedings.
As to the first specification of error, we can find no statement in the law which requires that the Clerk of Court set an expropriation proceeding .for trial. LSA-R.S. 19:5 makes it incumbent upon the Clerk of Court to “certify a copy of the plaintiff’s petition and of the order and issue a notice to the defendant of the time fixed for the trial.” This does not imply any requirement on the Clerk of Court to set the matter for trial. LSA-R.S. 19:5 does provide that the Trial Court shall set the matter for trial, but we are of the opinion that any failure of the Trial Judge to have fixed this matter for trial when it was filed does not constitute manifest error.
We shall next discuss the second and last specification of errors. It is contended by the defendant-appellant that it was error to apply LSA-C.C.P. Art. 561 to expropriation proceedings. In part, LSA-C.C.P. Art. 561 provides:
“An action is abandoned where the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment.”
There is no indication from the article itself that it was not intended to be used in expropriation proceedings. In being one of the articles of the Code of Civil Procedure, it forms a part of the overall general rules and regulations for civil procedure in this state. The appellant argues that the provisions with regard to expropriation are sui generis. With this we have no argument, but we do not believe that merely because expropriation provisions are sui generis means that no other law or statute in this state can be applied to expropriation proceedings. We do not believe that it was the intention of the legislature to exclude expropriation proceedings from the procedural rule as found in LSA-C.C.P. Art. 561.
As to the contention that the Trial Court erred in finding authority in LSA-C.C.P. Art. 561 to render a final judgment, we cannot agree. We have just concluded that LSA-C.C.P. Art. 561 is applicable to expropriation proceedings, and as such, the Trial Judge was correct in declaring that the defendant had abandoned his defenses by a failure to take any steps in advancing his defense for a period of five years. In the situation where a plaintiff fails for five years to prosecute his cause of action, and the suit is dismissed, the courts have held that the plaintiff is not prevented from bringing another suit for the same cause of action, but if another suit is brought, an exception of prescription must be determined as if no suit had been theretofore brought. City of New Orleans v. Westwego Canal & Terminal Co., Inc., 206 La. 450, 19 So.2d 201 (1944) and Losch v. Greco, 173 La. 223, 136 So. 572 (1931). To place the plaintiff in a position whereby a suit would not have been previously brought would be the same as if a petition had not been filed. We feel that the same conclusion must hold true for a defendant who has not prosecuted his defense for five years, in that, when the defense is declared abandoned, it would then place the defendant in the same position as if an answer had never been filed. LSA-R.S. 48:-452 provides for the waiver of defenses where the defendant has failed to file his answer timely. In State Through Dept. of Highways v. Higgins, 135 So.2d 306 (La.App. 4th Cir. 1961), this rule was made applicable to a demand for additional compensation. We are of the opinion that the rendition of a final judgment by the Trial Judge was merely a procedural vehicle by which this expropriation could be finally concluded, and therefore find no error on the part of the Trial Judge.
The appellant thirdly contends that since the Highway Department in its pray *80 er to its original petition prayed that “Upon final hearing herein, there be judgment in favor of petitioner” the Trial Court was in error in rendering a final judgment by an ex parte order, The appellant is contending that since the plaintiff originally prayed for a final hearing that it was error for the Trial Judge to render final judgment by ex parte procedure. It is certainly true that the Highway Department prayed “that upon final hearing” there be judgment in its favor, but inasmuch by the abandonment of its defense, the defendant has technically not filed an answer, no final hearing was necessary, and therefore the Highway Department cannot be penalized by the praying for something that was eventually not needed.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by the defendant-appellant.
Judgment affirmed.