ELLIS, Judge.
This expropriation suit was filed by the State of Lousiana through the Department of Highways against Mrs. Cannada Ott on October 27, 1962. Mrs. Ott died on March 7, 1965. On July 7, 1965, a notice of the completion of the highway project for which the property was expropriated was directed to Mrs. Ott. On June 22, 1966, Mrs. Doris Lane Richardson, her sole heir, was substituted as defendant, and on the same day she filed an answer and recon-ventional demand.
No further action in the case is reflected by the record until December 2, 1971, when a pleading entitled “Motion to Dismiss and for Final Judgment” was filed by the State, accompanied by a judgment confirming the initial deposit as the final award. A hearing was held thereon, and the' district judge refused to sign the judgment presented to him by the State. The State thereupon applied to this court for a writ of mandamus to compel the trial judge to sign the order. We issued an alternative writ, and, the trial judge having elected the alternative, the record is now before us for consideration.
Article 561 of the Code of Civil Procedure provides as follows:
“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
“An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year.”
*398 In Pounds v. Yancy, 224 So.2d 1 (La.App. 1 Cir. 1969), we held that a dismissal for abandonment under Article 561, supra, was not a dismissal on the merits. We quoted the following language from the City of New Orleans v. Westwego Canal and Term. Co., 206 La. 450, 19 So.2d 201 (1944):
“ . . . . the abandonment which results as a legal consequence of a plaintiff’s failure to take any action in his suit during a period of five years merely bars his right to continue with the prosecution of that suit. It does not prevent his bringing another suit for the same cause of action; but, if he brings another suit for the same cause of action, the question whether his right of action is barred by prescription must be determined as if no suit had been theretofore brought.”
In State, Department of Highways v. Rottman, 213 So.2d 77 (La.App. 1 Cir. 1968), we found Article 561, supra, to be applicable to reconventional demands on expropriation suits, and that “when the defense is declared abandoned, it would then place the defendant in the same position as if an answer had never been filed.” At that time, R.S. 48:452 provided that a failure timely to file the answer in an expropriation suit constituted a waiver of all defenses. Since that time, R.S. 48:452 has been amended by Act 117 of 1968, and now provides, in part, as follows:
“Upon failure of the defendant to answer within the times prescribed by R.S. 48:450 or R.S. 48:451 as the case may be, judgment by default may be entered against him. This judgment must be confirmed as in other civil suits and, notwithstanding the periods within which answer is to be filed as prescribed by R.S. 48:450 or R.S. 48:451, the defendant may file his answer at any time prior to the confirmation of a default judgment against him.”
It appears from the foregoing that, under the Rottman case, supra, the State is entitled to a judgment dismissing the answer and reconventional demand filed by the defendant, without prejudice to the defendant’s right to file another answer. However, no such judgment has been presented to the trial court. An exception of prescription to a second answer would have to be determined as if the first answer had never been filed.
It further appears that, when the judgment dismissing the answer and reconven-tional demand is signed, the case will be in the same posture, procedurally, as though the said answer had never been filed. Under R.S. 48:452, as amended, the State must enter and confirm a default before it is entitled to a final judgment. Since this was not done in the trial court, the judge a quo could not sign the final judgment presented to him by the State.
The writ issued herein is therefore recalled, and the cause remanded to the trial court for further proceedings, in accordance herewith. The State is to bear the costs for which they may be held responsible under the law.
Writ recalled.