665 So.2d 801 (1995)
ST. TAMMANY PARISH SEWERAGE DISTRICT NO. 7
v.
Joseph A. MONJURE.
No. 95 CA 0937.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
Sidney J. Abdalla, Jr., Slidell, for Plaintiff-Appellee St. Tammany Parish Sewerage District No. 7.
Jacqueline Carr, Slidell, Defendant-Appellant Pro Se.
Before SHORTESS, PARRO and KUHN JJ.
PARRO, Judge.
The petition of St. Tammany Parish Sewerage District No. 7 ("the sewerage district") for recovery of money owed as the result of a special assessment was dismissed "without prejudice" on the grounds of abandonment. The party seeking dismissal "with prejudice" appeals. For the following reasons, this court affirms.

Facts and Procedural History
On January 23, 1987, the sewerage district filed suit against Joseph A. Monjure ("Monjure") seeking to recover $2,676.55 in principal owed as a result of a special assessment (for the construction of a sewerage collection facility) on certain property owned by Monjure. The sewerage district sought an in rem judgment only, together with recognition of its lien and privilege on Monjure's property. A notice of lis pendens was filed and recorded in conjunction with this suit. Once its petition was filed, the sewerage district attempted to have Monjure served, but to no avail. Therefore, the sewerage district filed a motion on June 27, 1988, to have a person appointed to make service of process on Monjure. There is no evidence in the record to show that Monjure was ever served, and the record discloses no further action in the prosecution or defense of this case for the next six years.
During this six-year period of non-activity, Monjure's property was allegedly sold at a sheriff's sale to Jason Carr ("Carr"). As Monjure's successor-in-title, Carr filed a motion to intervene on September 14, 1994, for the sole purpose of becoming a party to this action to request its dismissal on the grounds *802 of abandonment. Carr also filed a motion to dismiss, and his motions were set for hearing. On October 11, 1994, the trial court rendered judgment granting Carr's motion to intervene, dismissing the sewerage district's claim against Monjure without prejudice, and ordering the cancellation of the notice of lis pendens.
From this judgment in favor of Carr, Jacqueline Carr ("appellant"), as Carr's alleged assignee of his litigious rights, appealed and contended that Slidell City Court lacked jurisdiction to hear this matter and it erred in granting Carr's intervention and in providing that the dismissal was without prejudice. Since appellant's arguments regarding jurisdiction and Carr's intervention totally lack merit, we will confine our discussion to her dismissal argument.

Discussion
Generally, LSA-C.C.P. art. 561(A) provides "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years...." This article further provides, in pertinent part: "This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal."
Appellant does not take issue with the dismissal of the suit on the grounds of abandonment pursuant to LSA-C.C.P. art. 561. Rather, she questions whether the trial court had authority to dismiss this case without prejudice. Article 561 is silent as to whether the dismissal shall be with or without prejudice. In interpreting this codal provision and others, the court in De Salvo v. Waguespack, 187 So.2d 489, 490 (La.App. 4th Cir.1966), recognized that nowhere in LSA-C.C.P. art. 561 is there any authorization for the trial court to dismiss an action with prejudice, and therefore such a dismissal should be without prejudice. Since none of the issues in controversy are decided when a suit is dismissed for want of prosecution, the dismissal pursuant to LSA-C.C.P. art. 561 would not prevent the sewerage district from bringing another suit for the same cause of action and cannot form the basis of a plea of res judicata. See City of New Orleans v. Westwego Canal & Terminal Co., Inc., 206 La. 450, 19 So.2d 201, 201-202 (1944); McClure v. A. Wilbert's Sons Lumber & Shingle Company, 232 So.2d 879, 885 (La.App. 1st Cir.1970); Pounds v. Yancy, 224 So.2d 1, 4-5 (La.App. 1st Cir.), writ denied, 254 La. 810, 227 So.2d 145 (1969); De Salvo v. Waguespack, 187 So.2d at 491. Thus, under the facts of this case, the trial court did not err by dismissing the sewerage district's case without prejudice.

Decree
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to appellant.
AFFIRMED.