JOAN BERNARD ARMSTRONG, Chief Judge.
11 Quick Recovery Coatings Systems, Inc. (Quick Recovery) appeals from the summary judgment of the trial court dismissing with prejudice its claims against Stolt Offshore, Inc. (Stolt). For the reasons that follow, we affirm the summary judgment.
This litigation arises from a December 21, 2000, contract for painting and stenciling forty Stolt storage tanks, entered into between Quick Recovery and Stolt. In furtherance of its obligations under the contract, Quick Recovery obtained materials and laborers from Pontchartrain Materials Corporation (PMC). On March 7, 2001, Quick Recovery sold several accounts receivable related to the contract to Hibernia National Bank (Hibernia) pursuant to a factoring agreement. Stolt terminated the contract in October of 2001, claiming Quick Recovery’s performance was both untimely and inadequate.
On January 29, 2002, PMC filed suit[1] in the 25th Judicial District Court for the Parish of Plaquemines against Quick Recovery and Stolt for $4,705.21, ^representing labor and materials furnished to Quick Recovery, as contractor, and Stolt, as owner, in furtherance of the painting and stenciling contract. Quick Recovery filed an exception of lis pendens, based on the pendency of a suit by PMC against Brian Schweda [2] and Quick Recov *1115 ery. Stolt answered the Plaquemines suit with a general denial and claim that PMC’s claim is barred for failure to follow the provisions of the Louisiana Private Works Act. Stolt also filed a cross-claim against Quick Recovery seeking indemnity for any losses Stolt may incur, including any sum it may be condemned to pay PMC, and for attorney’s fees.
On May 24, 2002, Quick Recovery filed suit in Orleans Parish[3] against three Stolt legal entities, alleging various activities by the defendants that allegedly prevented Quick Recovery from proceeding on schedule in carrying out its contractual obligations, and caused Quick Recovery to incur increased labor and equipment costs of $146,698.28. Quick Recovery also alleged that Stolt engaged in unfair trade practices, and improperly terminated its contract with Quick Recovery, leaving an unpaid balance under the contract of $407,109.86. Quick Recovery sought unspecified additional monetary damages to be determined by the trier of fact, and treble damages. Stolt filed peremptory, declinatory, and dilatory exceptions, including a declinatory exception of improper venue. On September 28, 2002, the Civil District Court for the Parish of Orleans granted exceptions of no cause of action asserted by Stolthaven New Orleans, LLC and Stolt-Nielsen | ^Transportation Group, Ltd., and dismissed Quick Recovery’s claims against those defendants. The Orleans Parish court dismissed Quick Recovery’s claims against all defendants allegedly arising under the Louisiana Consumer Protection Law and all other theories of unfair trade practices. The court granted the exception of improper venue, and transferred the case to the 25th Judicial District Court for the Parish of Plaquemines. It does not appear from the record on appeal that Quick Recovery sought review of the judgment on these exceptions.
On June 16, 2003, Hibernia National Bank (Hibernia) filed suit[4] in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against Quick Recovery and Brian Schweda (the Hibernia suit). Mr. Schweda was alleged to have executed a continuing personal guaranty of Quick Recovery’s obligations under its factoring agreement with Hibernia. Hibernia, as owner and holder for valuable consideration of the factoring agreement, in which Quick Recovery represented that its accounts were valid and not subject to discounts or disputes and agreed to reimburse Hibernia for any disputed accounts, sued Quick Recovery and Mr. Schweda. Hibernia claimed reimbursement for seven invoices, totaling $141,196.68, that were the subject of the Civil District Court suit transferred to Twenty-Fifth Judicial District Court.
There having been no further action in the Hibernia suit, on November 15, 2007, Stolt filed a motion seeking dismissal of Quick Recovery’s claims against it 14on the grounds of abandonment, citing La.Code Civ. Proc. art. 561. The trial court granted Stolt’s motion on December 11, 2007.
Upon the transfer of the Orleans Parish case to the 25th Judicial District Court, where it was given No. 50-580, it was consolidated[5] with No. 48-253, in which PMC had sued Quick Recovery and Stolt. Stolt filed its answer and a reconventional *1116 demand against Quick Recovery, claiming breach of contract, untimely performance and inadequate performance, seeking damages of not less than $156,257.63. Quick Recovery filed an answer denying the allegations of the reconventional demand.
On March 12, 2010, Stolt filed a motion for summary judgment on the grounds of abandonment, claiming that on December 11, 2007, the 24th Judicial District Court for the Parish of Jefferson dismissed, with prejudice, Quick Recovery’s claims against Stolt, involving the same parties, in their same capacities, and involving the same transaction and occurrence. Quick Recovery did not appeal or seek supervisory review of the abandonment judgment.
In support of the motion for summary judgment, Stolt filed a copy of its contract with Quick Recovery outlining the obligations of the parties; a copy of PMC’s petition in No. 48-253; a copy of the factoring agreement between Quick Recovery and Hibernia, including Mr. Schweda’s personal guaranty of Quick Recovery’s obligations under the agreement; Hibernia’s petition in the Hibernia suit; the answer and third-party demand against Stolt filed by Quick Recovery and |aMr. Schweda to Hibernia’s suit; Stolt’s motion for dismissal on the grounds of abandonment; and the 24th Judicial District Court’s order of dismissal.
Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions, and the procedure is favored and shall be construed to accomplish these ends. La.Code Civ. Proc. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. Proc. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La.Code Civ. Proc. art. 966 C(2).
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a 1 ^genuine issue of material fact for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La.Code Civ. Proc. art. 967 B.
Quick Recovery contends that the dismissal of its third party demand in the Hibernia suit cannot form the basis for res judicata because it was not a final judgment in which the controversy between Quick Recovery and Stolt was litigated. However, La.Code Civ. Proc. art. 531 provides that when two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capaci *1117 ties, the defendant may have all but the first suit dismissed by exception thereto as provided in La.Code Civ. Proc. art. 925.[6] When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
The fact that judgment was entered, properly dismissing the Jefferson Parish litigation, on December 11, 2007, is undisputed. Likewise undisputed is the fact that Quick Recovery took no action, either by filing a motion for new trial or seeking a writ to the appellate court, to obtain review of that judgment. The statutory time limits for seeking such review having long passed, the judgment is final and conclusive within the meaning of La.Code Civ. Proc. art. 531.
17Quick Recovery contends that the abandonment judgment cannot support article 531’s preclusion of the Plaquemines Parish suit, claiming that case law has uniformly held that dismissals for abandonment are without prejudice. However, this Court, in Long v. Performance Motorwerks, Inc., 00-0861, p. 3 (La.App. 4 Cir. 3/7/01), 782 So.2d 649, 651, affirmed a judgment rendered pursuant to La.Code Civ. Proc. art. 561, dismissing the plaintiffs claim with prejudice on the grounds of abandonment. Furthermore, in none of the cases[7] cited by Quick Recovery in support of its position was the court faced with the issue of whether the dismissal was a final judgment, nor were the parties involved in companion cases as in the instant case. In City of New Orleans v. Westwego Canal & Terminal Co., 206 La. 450, 19 So.2d 201 (1944) is likewise inappo-site as it does not address the effect of La.Code Civ. Proc. art. 531 on dismissal for failure to prosecute.
Quick Recovery argues that the fact that Stolt filed an exception of Us pendens precludes application of the preclusion provided by La.Code Civ. Proc. art. 531. However, in the instant case, the Jefferson suit was not resolved on the Stolt exception, but rather by an unappealed judgment granting a motion for abandonment.
Quick Recovery relies on the res judica-ta statute, La. R.S. 13:4231(3), providing, inter alia, that a judgment in favor of a party is conclusive in any | ^subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. The instant case is not one in which Stolt is relying on issue preclusion as set forth in the statute. Stolt relies instead on La.Code Civ. Proc. art. 531, as discussed herein.
Quick Recovery contends that La.Code Civ. Proc. 531 is inapplicable to the instant case because the two lawsuits do not involve the same transaction and do not involve the same parties in the same capacities. It suggests that article 531 does not apply because the objects of the two suits differ. Quick Recovery takes the position that the fact that one suit seeks to *1118 transfer liability to Stolt for a defined amount of invoices rejected by Stolt, based on a theory of indemnity or contribution, while the other suit seeks damages from Stolt asserting breach of contract and seeking treble damages and attorney fees for alleged statutory violations makes article 531 inapplicable.
Quick Recovery bases this argument on La. R.S. 13:4231, the res judicata statute, and Jensen Const. Co. v. Dept. of Transp. and Development, 542 So.2d 168 (La.App. 1st Cir.1989). That case involved an initial lawsuit in which the contractor sought to have a competing bid for a public works project thrown out on the basis that it violated the Public Contracts Law (PCL) and guidelines and policies established by the Department of Transportation and Development (DOTD) itself. In this first case, the contractor sought a declaratory judgment that the bid violated the PCL and preliminary and permanent injunctions against DOTD’s entering into the contract with the competing bidder. Following trial, the |court rendered judgment in favor of DOTD. Prior to the expiration of the delays to appeal, the contractor then sued both DOTD and the competing bidder in a second suit, this time to annul and be awarded the contract. Defendants filed an exception of lis pendens, since the first suit arguably was still pending. The court of appeal affirmed the trial court’s judgment granting the exception of lis pen-dens. It held that while the preclusion doctrines embodied in La.Code Civ. Proc. art. 531 and lis pendens are stricti juris, and any doubt concerning application of res judicata or lis pendens must be resolved against their application, the facts in the case demonstrated identity of parties and of cause. Notably, the court held, under an even more restrictive pre-amendment statute, that even the absence of a named defendant in the initial suit did not defeat identity of parties:
The jurisprudence does not demand that the parties in the two lawsuits be physically identical. The “identity of parties” requirement is met whenever “the same parties, their successors, or other appear so long as they share the same ‘quality’ as parties.”
With respect to the only issue in both lawsuits, that is, the validity of the [competing] bid, DOTD and [the competing bidder] share identical interests ... [B]oth DOTD and [the competing bidder] share a mutuality of interest in the validity of the bid, and for the purposes of lis pendens, share the same “quality” as parties. [The competing bidder’s physical absence as a party in the first action, therefore, does not defeat the exception of lis pendens. [Citations omitted.]
This Court interpreted the “same capacity” requirement under current article 531 in Fire & Cas. Ins. Co. of Connecticut v. Sewerage and Water Bd. of New Orleans, 01-0898, p. 7 (La.App. 4 Cir. 5/29/02), 820 So.2d 632, 635:
The identity of parties requirement for lis pendens is not an absolute requirement, but turns on whether the | inparties added or omitted would be necessary to reach a judgment on all of the issues asserted against the common parties in both suits. [Emphasis added; citations omitted.]
We agree with Stott’s position that Quick Recovery’s status as a third-party plaintiff in the Jefferson Parish litigation and as first-party plaintiff in the instant case does not defeat the “same capacity” argument. The contractual relationship between the parties is the same, and their capacities within that relationship are identical in the two lawsuits. They are the only parties necessary to reach a judgment on all the common interests asserted in the *1119 two proceedings involving and arising out of the contract.
Quick Recovery also relies on Jensen Construction Company, supra, for the proposition that the Jefferson Parish and Plaquemines Parish cases did not involve the same transaction. Interestingly, even applying the requirement that the suits must share an identity of cause, cause being defined as the principle that is the basis for a specific demand and is related to the party making the demand, the court found identity between the lawsuits. This Court held in Glass v. Alton Ochsner Medical Foundation, 02-0412, pp. 5-6 (La. App. 4 Cir. 11/6/02), 832 So.2d 408, 406-407, that since the 1991 amendment to article 531, there is no longer a requirement that the pending suits share the same cause of action. It is necessary only that the suits arise out of the same transaction or occurrence. In the instant case, Quick Recovery’s claims in both cases arose out of the contract. Those claims went to final, unappealed judgment in the Jefferson Parish litigation and cannot be reasserted in another forum.
| ] finally, Quick Recovery claims that this is a case involving “exceptional circumstances,” requiring this Court to ignore the clear language of the relevant procedural articles. This argument was not made in the trial court, but was raised for the first time on appeal. The Louisiana Supreme Court noted in Council of the City of New Orleans v. Washington, 09-1067, p. 3 (La.5/29/09), 9 So.3d 854, 856 that the “well-settled jurisprudence establishes that, as a general matter, appellate courts do not consider issues raised for the first time” on appeal[8].
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
BONIN, J., dissents with reasons.

. Pontchartrain Materials Corporation v. Quick Recovery Coatings Systems, Inc., et al, No. 48-253 on the docket of the Twenty-Fifth Judicial District Court for the Parish of Plaquemines.

. Mr. Schweda was alleged to have guaranteed certain of Quick Recovery’s obligations.

. Quick Recovery v. Stolthaven New Orleans, LLC, Stolt, and Stolt-Nielsen Transportation Group, Ltd., No. 02-8202 on the docket of the Civil District Court for the Parish of Orleans

. Hibernia National Bank v. Quick Recovery Coatings Services, Inc. and Brian Schweda, No. 595-470 on the docket of the 24th Judicial District Court for the Parish of Jefferson

.By Order dated September 3, 2004.

. Art. 925. Objections raised by declinatory exception; waiver
A. The objections which may be raised through the declinatory exception include but are not limited to the following:
[[Image here]]
(3) Lis pendens.
[[Image here]]
C. All objections which may be raised through the declinatory exception, except the court’s lack of jurisdiction over the subject matter, are waived unless pleaded therein.

. St. Tammany Parish Sewerage Dist. No. 7 v. Monjure, 95-0937 (La.App. 1 Cir. 12/15/95), 665 So.2d 801 and DeSalvo v. Waguespack, 187 So.2d 489 (La.App. 4th Cir.1966) did not address La.Code Civ. Proc. art. 531’s preclu-sive effect language since there was no companion suit to provide appropriate context to support application of the article.

. Were the issue properly before this court, the result would be the same. Quick Recovery contends that because La.Code Civ. Proc. art. 5051 notes that the code articles are to be construed liberally, article 531 should not be read to preclude continuation of the Plaque-mines Parish lawsuit. We read article 5051 in pari material with La.Code Civ. Proc. art. 5052, requiring that when the language of an article is clear and free from ambiguity, its letter is not to be disregarded under the pretext of pursuing its spirit. Article 531 clearly provides in mandatory language that, while a plaintiff may continue to prosecute any of its suits, the first final judgment shall be conclusive of all the suits. We find no basis in the record, taken as a whole, to support a deviation from the clear language of the Code.