LDREW, J.
The only issue before this court is whether Donna Rodgers’ action is abandoned when the minutes reflect that on the trial of reciprocal domestic rules involving child support, contempt and other issues, the learned trial judge ruled in her favor, but a judgment in accordance with this oral ruling was not submitted and signed for nearly five years.

FACTS

David Rodgers filed a petition for separation against his wife Donna Rodgers on April 19, 1989. In May 1989, David Rodgers was ordered to pay child support of $240 per month and maintain the couple’s minor son on his medical insurance. Joint custody of the son was awarded in accordance with a Joint Custody Plan in which the mother was given primary physical custody. Judgment of legal separation was rendered on July 27, 1989. Donna Rodgers filed a petition for divorce on April 24, 1990 under a different suit number. Judgment of divorce was granted on May 23,1990.
On October 19, 1994, David Rodgers filed a petition praying that Donna Rodgers be held in contempt of court for failing to bring their son to a designated location on October 1, 1994 as previously ordered by the court. David Rodgers also sought attorney fees for filing the petition. On November 28, 1994, Donna Rodgers answered the petition and filed a rule praying that the court: (i) hold David Rodgers in contempt for failing to pay child support and health insurance costs and for making false allegations in his pleadings; (ii) rescind ex-parte orders based on the false allegations; (iii) increase child support; (iv) require David Rodgers to provide major medical insurance covering their son; and (v) order David Rodgers to pay attorney fees and court costs of the rule. The rule was set to be heard on January 12, 1995, but was re-fixed for April 11, 1995.
| aCourt minutes from April 11, 1995 reflect that the trial court: (i) awarded custody to Donna Rodgers subject to reasonable visitation by David Rodgers as set by the court; (ii) increased child support to $600 per month with $200 of that amount going to pay arrearages of $7,823.70; (iii) held David Rodgers in contempt but delayed sentencing; and (iv) deferred ruling on the issue of attorney fees. The record was held open for the parties to furnish briefs on the issue of medical coverage. Donna Rodgers’ counsel at the time apparently never submitted a judgment in accordance with these rulings for the trial court to sign.
Nothing further was done in this case until January 5, 2000, when David Rodgers filed a motion to dismiss Donna Rodgers’ November 1994 rule on the grounds of abandonment. The trial court granted the motion, entering an order of dismissal effective as of July 1, 1998. Donna Rodgers filed a motion for new trial on January 11, *697 2000. The trial court granted the motion for new trial, rendering the dismissal null and void. A judgment in accordance with the April 11, 1995 ruling was signed on April 5, 2000. An amended judgment was signed on May 15, 2000.

DISCUSSION

La. C.C.P. art. 561 provides that except for certain instances in succession proceedings, “[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]” This article was amended by Act 1221 of 1997 to decrease the period for abandonment from five years to three years. This amendment is retroactive. See Coe v. State, Health Care Authority, 32,635 (La.App.2d Cir.2/1/00), 751 So.2d 432.
David Rodgers argues on appeal that the trial court erred in concluding that the minute entry from April 11, 1995 was the rendition of a judgment. Once an faction has been prosecuted to rendition of judgment, the principle of abandonment no longer applies. Richey v. Fetty, 96-2762 (La.App. 1st Cir.4/8/98), 715 So.2d 1, writ denied, 98-2184 (La.11/13/98), 731 So.2d 257. David Rodgers contends that no final judgment was rendered in this case because no formal judgment was submitted and signed, thereby allowing the action to be abandoned. Counsel for Donna Rodgers has not filed a brief in this appeal.
In State ex rel. Dept. of Social Services v. Ramos, 98-0534 (La.App. 1st Cir.4/13/99), 755 So.2d 257, the state filed a suit to establish paternity. A February 19, 1991 minute entry stated that after a hearing, the trial court granted judgment in favor of Ramos and dismissed the state’s petition. On June 12, 1997, the trial court was presented with, and signed, a judgment dismissing the state’s action. On June 19, 1997, the state filed a motion to dismiss the lawsuit to establish paternity due to abandonment. The trial court dismissed the suit. The trial court then denied Ramos’s motion to set aside the dismissal. Affirming the dismissal, the First Circuit held:
[Wjhen the trial court has orally rendered a decision but the successful party fails to present a formal judgment for signature for a period in excess of the statutorily-specified time and no other “step” in the prosecution or defense of the action has been taken, the action is properly dismissed as abandoned....
Id., 755 So.2d at 260.
Dissenting, Judge Foil wrote:
The purpose of La.Code Civ. P. art 561 is to require dismissal of those cases where inaction demonstrates an abandonment of the case. In this case, the judgment had already been rendered. There was no abandonment of the case before it was over. There was no formal judgment signed, but it can be argued that the signing of a formal judgment is the ultimate responsibility of the court. Article 561 should not apply in a situation such as in this case, when an unrepresented successful defendant fails to submit a formal judgment to a trial court for signature.
Id., 755 So.2d at 261.
14Granting Ramos’s writs, the supreme court reversed the First Circuit and denied the motion to dismiss for the reasons assigned by Judge Foil in his dissenting opinion. State v. Ramos, 99-3536 (La.2/11/00), 754 So.2d 923, rehearing denied, 99-3536 (La.3/24/00), 757 So.2d 649.
A motion for new trial shall be granted when the judgment appears clearly contrary to the law and the evidence. La. C.C.P. art.1972. Following the principles set forth in Ramos, supra, we conclude that the trial court did not err in granting the motion for new trial and vacating the earlier judgment dismissing the action on the grounds of abandonment. The trial court properly signed the April 2000 judgment in accordance with the April 1995 oral ruling.

*698
DECREE

At appellant’s costs, the judgment is AFFIRMED.