|,PER CURIAM.*
We granted certiorari in this matter to consider whether the court of appeal erred in affirming the judgment of the district court which held that a compliance order issued by an administrative agency was abandoned under La. R.S. 30:2050.9. For the reasons assigned, we now reverse that judgment.
FACTS AND PROCEDURAL HISTORY
In February 1991, the Louisiana Department of Environmental Quality (“LDEQ”) conducted an inspection of an allegedly unauthorized solid waste disposal site in Tangipahoa Parish operated by defendant, Wayne L. Rottman. On June 13, 1991, LDEQ issued a compliance order to defendant, requiring that he cease accepting waste at the site and take specific actions to close the site, in accordance with the Environmental Quality Act (the “Act”). Defendant thereafter requested a hearing on the matter. The LDEQ hearing officer found that defendant’s request for hearing was | ¡.not made timely, and, as a result, the *344 compliance order had become final. Defendant did not appeal this decision.
LDEQ conducted follow-up inspections of defendant’s property in March 1995 and July 1997 and found that the terms of the compliance order had not been met. Accordingly, on July 13,1999, pursuant to the provisions of the Act, LDEQ filed an ex parte petition in the Nineteenth Judicial District Court seeking to make the 1991 compliance order a judgment of the district court and making the judgment exec-utory for all purposes. A judgment to this effect was signed by the district court on July 16,1999.
Defendant filed an answer to LDEQ’s petition on August 18, 1999, and on October 4, 1999, defendant filed a motion to dismiss. Relying upon La. R.S. 30:2050.9, defendant argued that the 1991 compliance order had been abandoned because LDEQ failed • to take any steps to obtain final enforcement action for a period of more than two years after the issuance of the order. LDEQ opposed the motion, contending that La. R.S. 30:2050.9 is inapplicable to the compliance order at issue in the instant case because the statute did not become effective until January 1, 1996 and has prospective application only. On December 2, 1999, the district court signed a judgment granting defendant’s motion to dismiss, on the ground that the action was abandoned “under the law as it applies herein.”
LDEQ appealed the district court’s judgment. The court of appeal affirmed the district court’s judgment. Louisiana Dep't of Envtl. Quality, 00-0153 (La.App. 1st Cir.2/16/01), 791 So.2d 712.
Upon LDEQ’s application, we granted certiorari to consider the correctness of that decision. Louisiana Dep’t of Envtl. Quality v. Wayne L. Rottman, 01-0678 (La.5/4/01), 791 So.2d 644. The sole issue presented for our review is whether the lower courts erred in 13applying the abandonment provision in La. R.S. 30:2050.9 to this 1991 compliance order.
DISCUSSION
Prior to 1995, there was no specific provision dealing with the abandonment of compliance orders issued by LDEQ. In Acts 1995, No. 947, the legislature enacted La. R.S. 30:2050.9, which provides:
A compliance order or a penalty assessment is abandoned when the department fails to take any steps to obtain final enforcement action for a period of two years after the issuance of an order or an assessment.
Section 5 of that Act provides the provisions of the Act shall apply to “all compliance orders issued or penalties assessed on or after the effective date.” Section 7 provides “[tjhis Act shall become effective on January 1,1996.”
The lower courts found that La. R.S. 30:2050.9 applied to the compliance order at issue, because even though that compliance order was issued in 1991, LDEQ did not seek to enforce it until July 13, 1999, when LDEQ filed its ex parte petition in the district court. Thus, the lower courts reasoned La. R.S. 30:2050.9 was in effect at the time LDEQ attempted to enforce the compliance order.
By contrast, LDEQ argues the compliance order became final in August 1991, when defendant failed to request an administrative hearing timely. Because the compliance order was final prior to the effective date of La. R.S. 30:2050.9, LDEQ argues that statute cannot apply.
Clearly, the crucial issue in this case is when the compliance order issued by LDEQ became a “final enforcement action” for purposes of La. R.S. 30:2050.9. If it became a final enforcement action prior to January 1, 1996, it follows La. R.S. *345 30:2050.9 can have no application to this case.
Lin this regard, we find guidance in La. R.S. 30:2050.2(0, which pertains to compliance orders. That statute provides:
The compliance order becomes a final enforcement action when the period of time for filing a request for an adjudicatory hearing lapses without a request being filed.
In the instant case, it is undisputed that defendant did not make a timely request for adjudicatory hearing after the June 1991 compliance order was issued by LDEQ. Therefore, the compliance order became a final enforcement action in August 1991.
The basis of the court of appeal’s holding was that a final enforcement action did not occur until LDEQ filed its ex parte petition to enforce the compliance order in the district court pursuant to La. R.S. 30:2025. However, a review of La. R.S. 30:2025(G)(2)(a) indicates it creates a procedure for LDEQ to judicially enforce a compliance order which has been final. That statute provides:
In all cases wherein the secretary has issued an order assessing a penalty or requiring specific compliance actions to be undertaken, which order has become final but where the penalty assessed has not been paid or the actions undertaken, the attorney general shall file an ex parte petition in the Nineteenth Judicial District Court, in accordance with Code of Civil Procedure Article 2782, attaching a certified copy of the order to the petition, seeking to make the order of the secretary a judgment of the district court and making the judgment executory for all purposes provided by law. [emphasis added]
As demonstrated by this language, the compliance order must be final before LDEQ can file its ex parte petition for enforcement. Thus, the lower courts erred in holding the compliance order was not a final enforcement action until after the ex parte petition for judicial enforcement was filed.
In sum, we find the compliance order in this case became a final enforcement action in August 1991, prior to the January 1, 1996 effective date of La. R.S. | b30:2050.9. Thus, La. R.S. 30:2050.9 can have no application in this case.[1] Accordingly, we will reverse the judgment of the court of appeal and reinstate the July 16, 1999 judgment of the district court making the 1991 compliance order a judgment of the district court and executory for all purposes.
DECREE
For the reasons assigned, the judgment of the court of appeal dismissing the petition of the Louisiana Department of Environmental Quality is reversed. The July 16, 1999 judgment of the district court making the 1991 compliance order a judgment of the district court and executory for all purposes is reinstated. All costs in this court are assessed against defendant.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the de-cisión.

. Even if we were to conclude La. R.S. 30:2050.9 was applicable, the result would be the same. The abandonment provision of La. R.S. 30:2050.9 applies to a compliance order before it becomes a final enforcement action. Once the compliance order became a final enforcement action, the abandonment provisions no longer apply. LDEQ’s filing of the ex parte petition based on the final enforcement action is akin to a civil litigant taking steps to judicially enforce a final judgment. The situation is analogous to a civil judgment: once an action is prosecuted to the rendition of judgment, the principles of abandonment no longer apply. Wilson v. King, 233 La. 382, 96 So.2d 641 (1957); Richey v. Fetty, 96-2762 (La.App. 1st Cir.4/8/98), 715 So.2d 1, writ denied, 98-2184 (La.11/13/98), 731 So.2d 257.