CARAWAY, J.
|! Following a divorce judgment which extended interim spousal support for 100 days, the plaintiff waited over 4 years before asserting a claim for final periodic spousal support by the filing of a rule to show cause. The defendant asserted the three-year peremption of C.C. art. 117 as a bar to plaintiffs claim. Plaintiff argued that certain payments by defendant for an arrearage on his interim support obligation delayed the running of peremption. The trial court rejected plaintiffs argument and dismissed her claim because of per-emption. Plaintiff appeals. We affirm the trial court judgment.

Facts

Kathleen and Lewis Stephens were married on February 20, 1982, and of the marriage two children, who are now adults, were born. On June 12, 1995, Kathleen filed a pro se petition for divorce from Lewis. In the original petition, Kathleen sought alimony pendente lite. By agreement, a judgment of August 15, 1995, directed Lewis to pay Kathleen $700 monthly for temporary alimony.
On January 5, 1996, Lewis obtained an order setting the divorce hearing for January 26,1996. Through her attorney, Kathleen supplemented her divorce petition on January 19, 1996, with a claim for post-divorce alimony, which was also set for hearing on January 26, 1996. Nevertheless, court proceedings considering these matters did not occur. Although child custody issues were litigated[1] and property matters raised, no divorce was rendered.
|2Notably, in March 2000, Kathleen filed a rule for contempt concerning Lewis’s delinquency in payment of interim spousal support. Finally, on October 26, 2004, a judgment of divorce was granted. The judgment contained language addressing support as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the rights of Petitioner, KATHLEEN SNOW STEPHENS, to interim spousal support shall continue until February 8, 2005, as if there were pending a request by her for final spousal support.
On December 1, 2008, community property issues were litigated between the par *1244 ties. A judgment followed on December 5, 2008 and included the following language:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that as of December 1, 2008, LEWIS WAYNE STEPHENS, owes KATHLEEN SNOW STEPHENS, spousal support in the amount of $6,350.71.[2]
On April 21, 2009, Kathleen filed An Amended and Supplemental Rule for Final Spousal Support, seeking the final periodic spousal support, which is the subject of this dispute and appeal. Her pleading purported to be a reassertion of her earlier 1996 claim for final spousal support.
On May 12, 2009, Lewis filed an Exception of Peremption arguing that Kathleen’s claims for final alimony were untimely under La. C.C. art. 117, which reads as follows:
The right to claim after divorce the obligation of spousal support is subject to a peremption of three years. Peremption begins to run from the latest of the following events:
la(l) The day the judgment of divorce is signed.
(2) The day a judgment terminating a previous judgment of spousal support is signed, if the previous judgment was signed in an action commenced either before the signing of the judgment of divorce or within three years thereafter.
(3) The day of the last payment made, when the spousal support obligation is initially performed by voluntary payment within the periods described in Paragraph (1) or (2) and no more than three years has elapsed between payments.
After hearing argument on the exception and considering the record and exhibits, the trial court specifically determined that Kathleen’s claim for final periodic support was untimely under Article 117. Thus, the court granted the peremption exception and dismissed Kathleen’s claim with prejudice. This appeal by Kathleen ensued.

Discussion

On appeal, Kathleen argues that her claim for final spousal support was timely under either subpart (2) or (3) of Article 117. She contends that Lewis’s alimony payments were voluntary as contemplated by subpart (3), and thus she had three years from his last payment of August 2009 to file a claim for final support. Kathleen also argues that under subpart (2) of Article 117, she had three years from the December 2, 2008 judgment, which she describes as the last judgment of spousal support, to file her claim. Additionally, Kathleen argues for the first time to this court that Article 117, which was enacted in 1997, should not be applied retroactively to her claims for spousal support, which arose before 1997.[3]
*1245 |4The issue on appeal concerns the interpretation of Article 117 and the peremptive period provided therein. Per-emption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458.
The right to claim after divorce the obligation of final periodic support is afforded the spouse who “has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to pay.” La. C.C. art. 112. The right to claim final periodic support is asserted in a summary proceeding by the filing of a contradictory motion or by a rule to show cause. La. C.C.P. arts. 2592(8) and 2593.
Although not specifically argued by Kathleen to this court, we will first address the effect of her 1996 pleading in which she initially asserted the incidental action for final support.[4] The 100-day extension of Kathleen’s interim support in the October 26, 2004 judgment of divorce was only authorized under Civil Code Article 113 “if a claim for final support [was] pending.” La. C.C. art. 113. The judgment of divorce awkwardly granted such extension of interim support “as if there were pending a requirement ... for final spousal support.” Thus, as indicated in the divorce judgment, Kathleen’s 1996 claim remained pending as an incidental summary action within the divorce proceeding. La. C.C. art. 105; La. C.C.P. art. 2592(8).
Louisiana Civil Code Article 3461 provides that “[p]eremption may not be renounced, interrupted or suspended.” La. C.C. art. 3461. ^Nevertheless, the “timely exercise” of a right subject to peremption occurs by an action asserting the right. La. C.C. arts. 3458 and 3462. Therefore, “so long as the action is pending the lapse of the period of peremption does not extinguish the right.” Revision Comment (c), La. C.C. art. 3461.
Like any civil action, however, the pendency of Kathleen’s action for final periodic support was subject to the procedural rule of abandonment of an action. La. C.C.P. art. 561. Abandonment has been recognized as applicable to a summary proceeding. Barton v. Barton, 06-2032 (La.App.lst Cir.8/8/07), 965 So.2d 939; La.C.C.P. art. 2596.
Although Kathleen’s claim for final periodic support remained pending post-divorce due to her assertion of the claim in 1996, we recognize that the claim was abandoned. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561(A)(1). A “step” is defined as a formal action before the court that is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.05/15/01), 785 So.2d 779. Abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party. La. C.C.P. art. 561(A)(3); Clark, supra. It is effective without court order. Clark, supra.
Abandonment balances two equally sound, competing policy considerations: (1) the desire to see every litigant have his day in court, and not to lose it by some technical carelessness or unavoidable de *1246 lay; and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from normal extinguishing operation of prescription. | ePlark, supra. The latter policy consideration parallels those served by prescriptive statutes — promoting legal finality, barring stale claims, and preventing prejudice to defendants. Clark, supra.
Abandonment is both historically and theoretically a form of liberative prescription that exists independent from the prescription that governs the underlying substantive claim. Clark, supra. Abandonment was once provided for in the Civil Code articles on prescription. See Clark, supra. Under the old law, if the plaintiff, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption of prescription occurring due to filing suit is considered as having never occurred. Clark, supra, citing La. C.C. art. 3519 (1870).
In this case, no facts concerning Kathleen’s need for support after 2004 were ever asserted by summary proceeding for over four years after the divorce judgment and the extension of interim support. No order of the court assigning the date of trial of the summary proceeding was obtained. Kathleen presented no evidence that any step in the prosecution of her claim for final periodic support was made. Accordingly, abandonment occurred regarding her 1996 claim, and its filing is considered as having never occurred. It therefore follows that the timely exercise of Kathleen’s right to claim support did not occur in the three years following the 2004 divorce, and the peremption of Article 117 ran.
Turning to Kathleen’s assertions under subparts 2 and 3 of Article 117, we also find no merit in her argument. From the record, the only order for spousal support fixing Lewis’s obligation concerned the $700 monthly interim support. That obligation was specifically addressed and extended in 17the divorce judgment to continue until February 3, 2005. The evidence further shows that the December 5, 2008 judgment identified a $6,350.71 arrearage that had arisen because of Lewis’s delinquency in paying the interim spousal support. Lewis’s payments of $700 per month after the December 5, 2008 judgment were not voluntary payments for permanent support, the event contemplated under subpart 3 of Article 117. Such payments were shown to have pertained only to the payment of the $6,350.71 arrearage. Finally, the December 5, 2008 judgment, which itself was rendered over three years after the judgment of divorce, was not a judgment terminating an obligation for spousal support and therefore was not an event addressed in subpart 2 of Article 117.
Accordingly, the record demonstrates that the peremptive period of Article 117 did in fact run, and the trial court’s ruling is affirmed. Costs of appeal are assessed to appellant.
AFFIRMED.

. Stephens v. Stephens, 30,498 (La.App.2d Cir.5/13/98), 714 So.2d 115.

. Documentation sent from Lewis to his counsel showed that as of December 1, 2008, he owed Kathleen the sum of $6,350.71 in back due alimony. This documentation also shows that after the December 2008 judgment, Lewis paid Kathleen $700/month until August 14, 2009, when he claimed to have satisfied that remaining obligation. In argument at the peremption hearing, Lewis’s counsel indicated that the arrearage judgment was made part of the community property claims "to offset the credits and the balances so that he could pay her.” At that time, Kathleen's counsel conceded that the judgment was for "past-due” support.

. Appellate courts generally will not consider issues raised for the first time on appeal. Mosing v. Domas, 02-0012 (La.10/15/02), 830 So.2d 967; Segura v. Frank, 93-1271, 93-1401 (La.1/14/94), 630 So.2d 714. Accordingly, Kathleen is precluded from now raising this issue. At the hearing before the trial court, all parties conceded the applicability of Article 117 to the case.

. At the hearing on peremption, the trial court framed the issue as follows: "So now the key would be: Does the request in '96 continue, or is 117 operative because she, in essence, abandoned the '96 request because nothing was ever done?”