DREW, J.
hGary Holloway appeals a judgment granting a motion to set aside an order of dismissal for abandonment in his favor.
After converting this appeal to an application for a supervisory writ and granting the writ, we affirm the judgment.
FACTS
On September 3, 2003, Hibernia National Bank confirmed a default judgment in Natchitoches Parish against Aero-Mech, Inc., Signs & Banners, LLC, and Gary Glen Holloway, d/b/a Signs & Banners. This judgment was revived on April 16, 2013.
In 2005, the judgment was assigned to Cadleway Properties, Inc., which was substituted as party plaintiff the next year. Two years later, the judgment was assigned to CadleRock Joint Venture II, L.P. (“CadleRock”), which became party plaintiff.
On February 7, 2011, CadleRock filed a petition in Red River Parish to make the judgment executory. CadleRock asserted that it had reason to believe that Popsie’s Carwash, LLC, Coushatta Hospitality, LLC, and Silver Dollar Liquor, LLC, possessed assets of Holloway’s that were subject to garnishment or a charging order. On that same date, a request for a writ of fieri facias against Aero-Mech, Signs & *352 Banners, and Holloway, d/b/a Signs and Banners, was filed into the record.
In addition, on February 7, 2011, Cad-leRock filed a supplemental petition in which it prayed that Popsie’s Carwash, Coushatta Hospitality, and Silver Dollar Liquor be made garnishees. On February 10,2011, the trial court ordered them to be made garnishees.
|aThe trial court entered a charging order on February 7, 2011, demanding that Popsie’s Carwash, Coushatta Hospitality, and Silver Dollar Liquor pay any sums due to Holloway arising from his ownership interest in the companies.
On November 30, 2011, CadleRock filed a motion for accounting against Popsie’s Carwash, Coushatta Hospitality, and Silver Dollar Liquor, ordering them to account to CadleRock for all sums paid to Holloway from the date each was served with the charging order.
On January 9, 2012, CadleRock supplemented its petition to make GE & H Group a garnishee, which the court ordered done on that date.
On January 26, 2012, the trial court entered an order that, pursuant to the writ of fieri facias issued earlier, the Sheriff of Red River Parish was authorized to sell Holloway’s one-third membership interest in Coushatta Hospitality and his one-fourth membership interest in Silver Dollar Liquor.
On February 17, 2012, Silver Dollar Liquor sought an injunction preventing the sheriff from proceeding with the seizure and sale of Holloway’s one-fourth membership in Silver Dollar. Also on that date, Robert Bethard filed a petition for intervention and a motion for a temporary restraining order. He asserted that Holloway did not own a one-third interest in Coushatta Hospitality as that interest had been transferred to Bethard prior to the filing of the motion to seize Holloway’s interest in Coushatta Hospitality. He sought a recognition of his ownership of the one-third interest in Coushatta Hospitality formerly owned by Holloway, and injunctive relief prohibiting the Sheriff from seizing and selling that Lone-third interest. The trial court granted temporary restraining orders on February 27, with the orders set to expire on March 15, 2012.
On March 8, 2012, CadleRock filed an exception of no cause of action to the temporary restraining orders obtained by Silver Dollar and Bethard. On that same date, CadleRock also filed a motion to compel discovery against GE & H Group and Popsie’s Carwash, with the hearing set for May 3, 2012.
On March 8, 2012, CadleRock filed a rule for judgment pro confesso against GE & H Group as a garnishee on the grounds that it failed to file answers to garnishment interrogatories. GE & H Group was ordered to show cause on May 3, 2012, why judgment should not be rendered against them for the full amount due under the judgment rendered against Holloway.
On May 5, 2015, Holloway filed a motion to dismiss the suit for abandonment on the ground that no steps in its prosecution or defense had been taken since May 3, 2012. On May 7, 2015, an order was signed dismissing the suit.
On May 20, 2015, CadleRock filed a motion to set aside the dismissal. CadleR-ock contended that the matter could not be dismissed based on abandonment because the matter had been reduced to judgment. In his memo in opposition to the motion, Holloway argued that the validity of the judgment and whether CadleRock could seize assets of Holloway’s was not the issue before the court. Instead, the issue was whether a contested seizure could be *353 abandoned in accordance with La. C.C.P. art. 561. He argued that CadleRock could still seize assets of Holloway’s to satisfy the judgment, but |4the seizure of Holloway’s alleged interest in Coushatta Hospitality had been abandoned.
On July 8, 2015, the court entered judgment granting the motion to set aside the dismissal. Holloway filed a motion for appeal on August 3, 2015.
DISCUSSION

Appellate jurisdiction

After the appeal was lodged, this court ordered the parties to show cause why the appeal should not be dismissed since the judgment that was appealed was not a final judgment. A judgment vacating a judgment of dismissal under La. C.C.P. art. 561 is an interlocutory judgment. La. C.C.P. arts. 1841 and 2083(C); Brown v. City of Shreveport Urban Dev., 34,657 (La.App.2d Cir.5/9/01), 786 So.2d 253. Following the parties’ responses, this court elected to refer the issue to the merits of the appeal.
CadleRock concedes that because a final judgment has already been entered in this matter, there will never be a subsequent final judgment from which Holloway could appeal.
The jurisprudence indicates that the decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts. Stelluto v. Stelluto, 2005-0074 (La.6/29/05), 914 So.2d 34. Accordingly, after consideration of the matter, we convert the appeal to an application for a supervisory writ, and grant the writ.

Abandonment

La. C.C.P. art. 561(A)(1) states that “[a]n action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to | stake any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding!/]”
Article 561 imposes three requirements to avoid abandonment: (1) a party must take some “step” in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. Louisiana Dept. of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 2011-0912 (La.12/6/11), 79 So.3d 978.
Holloway argues that Art. 561 applies to the seizure of Holloway’s former interest in Coushatta Hospitality because the only exception to the article is for a succession proceeding. He asserts that the “action” in this matter would be the filing by CadleRock to enforce its legal right to collect on a judgment issued in a separate proceeding. Holloway contends that because the status of his interest in Coushatta Hospitality was contested, CadleRock had three years to assert its rights in the action that was the contested seizure.
Holloway explains that he is not requesting that the judgment against him be declared invalid or that any property owned by him cannot be seized to enforce the judgment. Rather, he is requesting that the seizure of any interest of his through these proceedings be considered abandoned, which would require CadleRock to reissue the charging order and garnishment to Coushatta Hospitality if it desired.
La. C.C.P. art. 561 has been applied to an action for executory process. See Semel v. Green, 252 La. 386, 211 So.2d 300 *354 (1968); Nationstar Mortg., LLC v. Harris, 2013-1335 (La.App.4th Cir.5/14/14), 141 So.3d 829. However, its application to the enforcement of a money judgment is not apparent.
We note that La. C.C.P. art. 2294 specifically provides for a time limit on a seizure under a writ of fieri facias:
A seizure may be made under a writ of fieri facias only within one year from the date of its issuance.
At the expiration of that time the sheriff shall make a return on the writ unless a seizure has been made within the time. If a seizure has been made the sheriff shall proceed with the sale and thereupon make a return.
Comment (a) to the article states:
This article covers only the exceptional case when property seized by the sheriff during the effective life of the writ remains unsold on the expiration of the writ. The normal case of the seizure immediately after the issuance of the writ, and the judicial sale of the property seized within a few weeks thereafter, is covered by Art. 2254, supra.
If a seizure has been made under a writ of fieri facias, it is effective for the additional time required to bring the seizure to a conclusion. Sun Sales Co. v. Hodges, 256 La. 687, 237 So.2d 684 (1970).
We are mindful that La. C.C.P. art, 561 is to be liberally construed in favor of maintaining a plaintiff’s suit. See Clark v. State Farm Mut. Auto. Ins. Co., 2000-3010 (La.5/15/01), 785 So.2d 779.
In Clark, supra, the supreme court discussed the policy considerations underlying the concept of abandonment:
Abandonment is a device that the Legislature adopted “to put an end to the then prevailing practice of filing suit to interrupt | ^prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue.” Sanders v. Luke, 92 So.2d 156 (La.App. 1st Cir. 1957).
[[Image here]]
Abandonment is not a punitive concept; rather, it a balancing concept. Abandonment balances two equally sound, competing policy considerations: “on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription.” Sanders, 92 So.2d at 159.
Clark, supra, at pp. 9-11, 785 So.2d at 786-7.
The concern about preventing claims from lingering after suit has been filed is clearly not present in this matter because Holloway’s liability has already been reduced to a money judgment, and that judgment has been revived. CadleR-ock is merely trying to satisfy this judgment by awaiting payment within the bounds of the laws, especially that applicable to Louisiana limited liability companies.
In Department of Environmental Quality v. Rottman, 2001-0678 (La.11/28/01), 801 So.2d 343, the supreme court reversed a judgment that a Louisiana Department of Environmental Quality compliance order was abandoned under La. R.S. 30:2050.9. That statute provides:
A compliance order or a penalty assessment is abandoned when the department fails to take any steps to obtain final enforcement action for a period of two years after the issuance of an order or an assessment.
*355 The supreme court concluded that La. R.S. 30:2050.9 was not applicable because the compliance order became a final enforcement action prior to the effective date of the statute. However, the supreme court stated in a footnote, with our emphasis added:
laEven if we were to conclude La. R.S. 30:2050.9 was applicable, the result would be the same. The abandonment provision of La. R.S. 30:2050.9 applies to a compliance order before it becomes a final enforcement action. Once the compliance order became a final enforcement action, the abandonment provisions no longer apply. LDEQ’s filing of the ex parte petition based on the final enforcement action is akin to a civil litigant taking steps to judicially enforce a final judgment. The situation is analogous to a civil judgment: once an action is prosecuted to the rendition of judgment, the principles of abandonment no longer apply.
Id., at p. 5, 801 So.2d at 345.
Based upon the foregoing, we conclude that La. C.C.P. art. 561 is not applicable to the efforts by CadleRock to satisfy its judgment against Holloway by use of writ of fieri facias, garnishment, and charging orders. The trial court did not err in setting aside the judgment of dismissal.
DECREE
At appellant’s cost, the judgment is AFFIRMED.