NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

CA 19-251

US BANK, N.A., AS TRUSTEE SUCCESSOR BY MERGER TO FIRST
STAR BANK, N.A., AS TRUSTEE FOR NEW CENTURY HOME EQUITY
LOAN TUST, SERIES 2001-NCI

VERSUS

KAYLA GIVS OGLESBY, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-1522-C
HONORABLE ALONZO HARRIS

\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John E. Conery and Van H. Kyzar, Judges.

**MOTION TO DISMISS SHERIFF SALE DENIED.**

Stephen W. Rider
Herschel C. Adcock, Jr.
Vicki A. Elmer
Natalie White
Jamie Alexandra Bruce
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130
(504) 586-1200
COUNSEL FOR PLAINTIFF/APPELLEE:
    U.S. Bank, N.A., as Trustee Successor by Merger to First Star Bank,
    N.A., as Trustee for New Century Home Equity Loan Trust

**Kayla Givs Oglesby**
**801 Duck Avenue**
**Eunice, LA 70535**
**DEFENDANT/APPELLANT:**
    **Pro Se**

**William Oglesby**
**4120 South Indiana Avenue, Apartment 1013**
**Chicago, Illinois  60653**
**DEFENDANT/APPELLEE:**
    **Pro Se**

**COOKS, Judge.**

On June 4, 2019, Defendant-Appellant, Kayla Givs Oglesby, pro se, filed an Emergency Motion to Dismiss Sheriff Sale July 10 Due to Expired Foreclosure Petition. Plaintiff-Appellee, US Bank, N.A. as Trustee Successor by Merger to First Star Bank, N.A., as Trustee for New Center Home Equity Loan Trust, Series 2001-NC1, opposes Defendant's motion. For the following reasons, we deny the motion.

On April 8, 2013, Plaintiff filed the instant foreclosure action against Defendant. The trial court issued an Order of Seizure and Sale of the Property on April 10, 2013. A sheriff's sale was scheduled for June 26, 2013, but the sale did not take place. The sale was scheduled, again, more than five years later, to be held on December 5, 2018.

On November 27, 2018, Defendant, pro se, filed an "Injunction to Arrest the Seizure Sale," seeking to enjoin the pending sale of the property subject to foreclosure. The trial court denied the petition on January 28, 2019. On February 27, 2019, Defendant filed a Motion and Order for Devolutive Appeal which was granted that same day, setting a return date of March 28, 2019. This court issued its Notice of Lodging and Briefing Order on April 1, 2019. On May 9, 2019, Plaintiff filed a motion to dismiss the appeal as untimely and a motion to suspend briefing. The motion to dismiss was denied on June 19, 2019, rendering moot the motion to suspend briefing.

In Defendant's motion to dismiss the July 10, 2019 sheriff sale, she notes that Plaintiff rescheduled the date for a sheriff's sale of the property at issue following this court's May 15, 2019 ruling which granted Plaintiff's Motion to Strike Amended Motion for Appeal. In granting the motion, this court concluded:

We find that upon its grant of the defendant's original Motion and Order for Devolutive Appeal on February 27, 2019, the trial court was divested of jurisdiction at the time the defendant's Amended Motion and Order for Devolutive Appeal was filed. As such, the trial court was without jurisdiction to consider the defendant's motion. Accordingly, we hereby grant the plaintiff's Motion to Strike the Amended Motion and Order for Devolutive Appeal, striking the motion and the trial court's order granting the motion and suspending the sheriff's sale of the property at issue. Defendant's appeal of the January 28, 2019 judgment will proceed as a devolutive appeal. The remaining issues raised by the plaintiff are rendered moot.

*US Bank v. Oglesby*, 19-251 (5/1519), ___ So.3d ___, ___.

In her motion, Defendant asserts that seeking relief in the trial court is impractical due to the trial court's failure to afford her the relief requested. She states that she was not given a fair trial and that the trial court erred in ruling on the evidence and law. Defendant also maintains that the trial court was given a reasonable opportunity to correct the error. Further, Defendant complains that the evidence she presented to the trial court which proved that Plaintiff was not the owner of the note and did not have legal standing to foreclose on an "outdated petition" was not taken into consideration by the trial court.

In support of her motion, Defendant cites *Countrywide Home Loans, Inc. v. Estate of Rowe*, 51,489 (La.App. 2 Cir. 6/21/17), 224 So.3d 1152, for the premise that there is no exception for an executory proceeding in the instant case wherein the "expired petition" was dismissed by the trial court. Defendant requests that this court dismiss Plaintiff's attempt to enforce "an expired foreclosure petition for abandonment."

In opposition, Plaintiff argues that Defendant now attempts to improperly convert her devolutive appeal to a suspensive appeal by asking this court to dismiss the sheriff sale set for July 10, 2019. A devolutive appeal, Plaintiff maintains, "does not suspend the effect or the execution of an appealable order of judgment."

La.Code Civ.P. art. 2087(A). Further, Plaintiff asserts that when Defendant was served with the writ of seizure and sale, she chose to seek an injunction rather than timely seeking a suspensive appeal, running the risk of the property being sold while a devolutive appeal is pending.

In light of Defendant's devolutive appeal presently pending in this court, we find that Defendant is not entitled to the relief sought. Accordingly, we deny Defendant's motion.

**MOTION TO DISMISS SHERIFF SALE DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.